**Kathryn HARRIS et al., Plaintiffs-Appellants,**

v.

**Nelson ROCKEFELLER, Governor of the State of New York, individually and in his official capacity, et al., Defendants-Appellees.**

No. 447, Docket 71-2090.

United States Court of Appeals, Second Circuit.

Argued Dec. 17, 1971.

Decided Jan. 10, 1972.

Richard J. Hiller, Long Island City, N.Y. (Queens Legal Services Corp., Long Island City, N.Y., William B. Haley, Long Island City, N.Y., of counsel), for plaintiffs-appellants.

Amy Juviler, Asst. Atty. Gen., State of New York (Louis J. Lefkowitz, Atty. Gen., State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, of counsel), for appellees Rockefeller, Wyman and the Dept. of Social Services of the State of New York.

Edward J. Mallon, New York City (J. Lee Rankin, Corp. Counsel, City of New York, Stanley Buchsbaum, Philip Agree,

Patrick Rooney, New York City, of counsel), for appellee City of New York.

Before SMITH, KAUFMAN and MULLIGAN, Circuit Judges.

PER CURIAM:

This is an appeal from an order denying an application for a preliminary injunction in an action brought by certain named drug addicts, residing in New York City, individually and on behalf of 3,000 individuals alleged to be similarly situated. They sought to enjoin the State and City of New York from denying Medicaid reimbursement for the cost of methadone maintenance treatment for their heroin addiction. Reimbursement was denied because appellants were receiving treatment in private treatment centers which had not obtained approval from various federal and state agencies. There are currently four approved centers in New York City from which reimbursable maintenance treatment can be obtained. Appellants claimed, *inter alia*, that this refusal violates various provisions of 42 U.S.C. § 1396–§ 1396g, which authorize federal grants to states for medical assistance programs and N.Y. Social Services Law, § 363– § 369 (McKinney's Consol.Laws, c. 55, Supp.1971) which establish such a program in New York (Medicaid). They further urge that to provide reimbursement for treatment at some centers but not for treatment at others violates their rights under the equal protection clause of the constitution.

The District Court found that, under the applicable state regulation, a condition precedent to the dispensation of methadone was the obtaining by the treatment center of a permit from the Bureau of Narcotics and Dangerous Drugs of the United States Department of Justice and the approvals of the Food and Drug Administration of the United States Health, Education and Welfare Department and the Bureau of Narcotics Control of the New York State Department of Health. See 10 N.Y.Code, Rules & Regs. (Health) § 80.23. Since it was found that such licenses had not been obtained by the private treatment centers which appellants were attending, the court held that Medicaid reimbursement was not required. The preliminary injunction was denied on that basis.

We affirm the order of the District Court. While the District Court may have misinterpreted appellants' attack as involving reimbursement for interim methadone treatment rather than extended methadone maintenance treatment, we do not believe the denial of the injunction amounted to an abuse of discretion. See Safeway Stores, Inc. v. Safeway Properties, Inc., 307 F.2d 495, 500 (2d Cir. 1962). Appellants here have mounted a blunderbuss attack which urges that overlapping federal, state and city regulations governing the dispensation of and reimbursement for methadone create a maze of restrictions which illegally and unconstitutionally deprive them of sorely needed treatment. However, the fact remains that none of the private treatment centers involved has obtained all of the requisite licenses; moreover they are not parties to this action. There has been no showing that any of these centers have been denied licenses arbitrarily or that Medicaid reimbursement has been denied to approved facilities or, in fact, that any appellant has been denied admission to any approved facility. More important, named plaintiffs are now receiving interim methadone treatment, for which the dispensing facility or physician is reimbursed by Medicaid. Methadone is a dangerous experimental drug which can only be dispensed under highly controlled conditions with competent and skilled staff. The full effect of the treatment is not yet determined, and its continuing study is needed. See 21 C. F.R. § 130.44(a), 36 Fed.Reg. 6075 (1971). Under these circumstances, to require approval of interested governmental agencies for the dispensing of methadone on a maintenance basis is not *per se* unreasonable or a denial of equal protection. See McDonald v. Board of

**1230**

Election Commissioners, 394 U.S. 802, 808–809, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969).

Appellants have failed to establish either irreparable damage or the probability of success on the merits. Weiss v. Walsh, Nos. 71–1398, 71–1852, slip op. 239, 243 (2d Cir., Oct. 29, 1971). At this juncture in balancing the equities we find that it would be inappropriate to grant the relief sought, and therefore affirm the denial of the motion for a preliminary injunction.

Affirmed.